# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30683

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2019

Lyle W. Cayce
Clerk

TONJA R. WRIGHT, individually and on behalf of her minor son N.J.,

Plaintiff–Appellant,

v.

NATIONAL INTERSTATE INSURANCE COMPANY; MABE TRUCKING COMPANY, INCORPORATED; TERRY TEARLE POOLE; ALLSTATE INSURANCE COMPANY,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-16214

Before WIENER, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Tonja Wright contends that the district court erred in denying a motion for a new trial and that several evidentiary rulings were in error. We affirm.

The parties are familiar with the facts and the issues that have been raised in this appeal. We recount them only briefly.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30683

The driver of a tractor trailer backed into the front of Wright's vehicle when both vehicles were stopped at a stop sign. Wright sued for damages and also brought suit on behalf of her son for his loss of consortium due to her injuries. Before trial, the district court ruled on several evidentiary motions and a motion for sanctions due to alleged spoliation of evidence.

After a three-and-a-half-day trial, the jury initially reached a verdict finding that Wright and the driver of the other vehicle were each 50% at fault for the accident; awarding $235,000 for past and future medical expenses; and awarding no damages for past and future pain and suffering, past lost wages, or future loss of earning capacity. The jury also found that Wright's son was not entitled to any damages for loss of consortium. Relying upon *Yarbrough v. Sturm, Ruger & Co.*,[1] the district court instructed the jury to return for further deliberations regarding pain and suffering damages, observing that it was inconsistent to award damages for medical expenses but no damages for pain and suffering. After further deliberation, the jury found that $17,000 would compensate Wright for her past and future pain and suffering. The district court accepted the jury's verdict and awarded Wright $126,000, which represented 50% of the total damages awarded after apportioning responsibility for the collision.

Wright filed a motion for new trial, contending that the pain and suffering award was impermissibly low under Louisiana law, newly discovered evidence from a previously unidentified officer on the scene required a new trial, the jury had reached a "compromise verdict," and several erroneous evidentiary rulings required a new trial. The district court denied the motion, concluding that the jury's award was reasonable in light of evidence suggesting

---

[1] 964 F.2d 376 (5th Cir. 1992).

No. 18-30683

that the accident caused Wright little pain and suffering,[2] that the inconsistency in the original verdict was cured after the jury further deliberated,[3] and that Wright had not shown that she exercised due diligence in obtaining the newly discovered evidence prior to trial.[4]

After considering the briefs, the record, and arguments of counsel, we AFFIRM the district court's judgment.

---

[2] *Wright v. Nat'l Interstate Ins. Co.*, No. CV 16-16214, 2018 WL 2017567, at *5 (E.D. La. May 1, 2018) (relying on (1) "evidence indicat[ing] that Plaintiff was involved in a later, separate accident . . . which made her neck pain substantially worse"; (2) "surveillance videos captur[ing] Plaintiff moving with ease on multiple occasions, carrying groceries, and lifting her son"; and (3) testimony that Plaintiff had a "good result" from surgery).

[3] *Id.* at *4.

[4] *Id.* at *6-7 (noting that Wright did not visit the police station to identify the source of the newly discovered evidence or ask the court to dispatch the U.S. Marshals to enforce the subpoena of an individual who could have identified the source of the evidence).